IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| **Kevin Fuller**, ) | Civil Action No.: 8:10-1310-HMH-BHH |
| Plaintiff, ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| **Trinity Food Service**, food providers at ) | |
| Lexington County Detention Center, ) | |
| and ) | |
| **James Metts**, in charge of Lexington ) | |
| County Detention Center, ) | |
| ) | |
| Defendants. ) | |

The Plaintiff filed this prisoner civil rights action on May 21, 2010. Before the court is the Plaintiff's motion for a default judgment. (Dkt. #31.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed.R.Civ.P. 55(a).

The Plaintiff contends that the Defendant Trinity Food Service has failed to file an answer in this matter. The returned Summons (Dkt. #23) shows that service was accomplished on "c/o John Varnado, registered agent, 435 Wire Road, Aiken, SC 29801." However, in their motion for extension of responsive pleading deadline (Dkt. #25), Defendant Trinity Food Service disputes the validity of the August 16, 2010 service. Because this court views this service as problematic, an Order was issued on September 14, 2010 (Dkt. #26) giving the defendant Trinity Food Services through October 20, 2010,

to file its Answer. On October 20, 2010, the defendant Trinity Food Services filed a motion to dismiss or, alternatively, for summary judgment. (Dkt. # 28) instead of filing an answer. Pursuant to Rule 12(b)(6), Fed.R.Civ.P., the proper filing of a motion to dismiss effectively stays the defendant's time within which to file an answer and, if the motion to dismiss is denied, the defendants have ten days after notice that the court has denied the motion to file an answer. Here, the defendants timely filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), rather than an answer. It is clear that the defendants Trinity Food Service has appeared and defended this action. It is, therefore, recommended that Plaintiff's motion for default be denied.

Based on the foregoing, it is recommended that the Plaintiff's Motion for Default (Dkt. # 31) be DENIED.

IT IS SO RECOMMENDED.


s/Bruce Howe Hendricks
United States Magistrate Judge

December 20, 2010
Greenville, South Carolina


**The Plaintiff's attention is directed to the important notice on the next page.**

2